IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BURNS and ALICE BURNS, | No. C 11-0023 CW |
|       Plaintiffs, | ORDER DENYING PLAINTIFFS' <u>EX PARTE</u> MOTION FOR A TEMPORARY RESTRAINING ORDER |
|     v. | |
| FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; WELLS FARGO BANK, N.A.; CONTRA COSTA COUNTY RECORDER; BANK OF AMERICA, N.A.; LIBERTY TITLE COMPANY; WELLS FARGO HOME MORTGAGE CO.; and AMERICAN SECURITIES COMPANY, | |
|       Defendants.                       / | |

    Plaintiffs Walter Burns and Alice Burns, who are proceeding <u>pro se</u>, move for a temporary restraining order prohibiting Defendant First American Trustee Servicing Solutions, LLP, as agent for Defendant Bank of America, N.A., from conducting a trustee sale of the property located at 1221 Hookston Road in Concord, California.  Plaintiffs assert that the sale is scheduled to occur on January 26, 2011 at 1:30 p.m.  Although not altogether clear, Plaintiffs appear to assert claims for violation of the Thirteenth Amendment of the United States Constitution; violation of 42 U.S.C. § 1994, which abolished peonage; fraud on the court; denial of equal protection; and violation of 18 U.S.C. § 1001(a), a criminal

1 statute that prohibits knowing and willful fraud "in any matter
2 within the jurisdiction of the executive, legislative, or judicial
3 branch of the Government of the United States."

4     A temporary restraining order may be issued without providing
5 the opposing party an opportunity to be heard only if "specific
6 facts in an affidavit or a verified complaint clearly show that
7 immediate and irreparable injury, loss, or damage will result to
8 the movant before the adverse party can be heard in opposition."
9 Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a
10 temporary restraining order is the same as that for issuance of a
11 preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2
12 (N.D. Cal.).  To obtain a preliminary injunction, the moving party
13 must "establish that he is likely to succeed on the merits, that he
14 is likely to suffer irreparable harm in the absence of preliminary
15 relief, that the balance of equities tips in his favor, and that an
16 injunction is in the public interest." Winter v. Natural Res. Def.
17 Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008). "[T]he
18 required showing of harm varies inversely with the required showing
19 of meritoriousness." Indep. Living Ctr. of S. Cal., Inc. v.
20 Shewry, 543 F.3d 1047, 1049 (9th Cir. 2008) (quoting Rodeo
21 Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir.
22 1987)).  "When the balance of harm 'tips decidedly toward the
23 plaintiff,' injunctive relief may be granted if the plaintiff
24 raises questions 'serious enough to require litigation.'" Id.
25 (quoting Benda v. Grand Lodge of the Int'l Ass'n of Machinists &
26 Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

27     Plaintiffs have failed to demonstrate that they are likely to

28

**United States District Court**
For the Northern District of California

succeed on the merits of their claims.  Neither their complaint nor their motion suggests that either First American or Bank of America has subjected them to involuntary servitude, as proscribed by the Thirteenth Amendment and 42 U.S.C. § 1994.  Also, First American and Bank of America have not appeared in this action and do not appear to have been served; thus, it is not clear how they could have committed fraud in this proceeding.  Plaintiffs also claim that First American and Bank of America have denied them "equal protections of the existing laws," Compl. 6, apparently referring to the Equal Protection Clause of the Fourteenth Amendment.  However, the Fourteenth Amendment generally pertains to state action, not private conduct.  See Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003); United States v. Morrison, 529 U.S. 598, 621 (2000) ("[T]he Fourteenth Amendment, by its very terms, prohibits only state action.").  Although Plaintiffs have named the Contra Costa County Recorder, a state actor, as a Defendant, they do not allege a relationship between the County Recorder and First American and Bank of America that would elicit Fourteenth Amendment protections.  See Single Moms, Inc., 343 F.3d at 747.  Finally, Plaintiffs' claim under 18 U.S.C. § 1001(a) fails.  This criminal statute does not create a private right of action.  See Abou-Hussein v. Gates, 657 F. Supp. 2d 77, 81 (D.D.C. 2009).  Because Plaintiffs have not demonstrated that their claims have merit and support the relief they seek, they fail to justify the issuance of a temporary restraining order.

Notably, Plaintiffs assert that their action is subject to the Court's diversity jurisdiction.  However, Plaintiffs, who appear to

3

be California residents, have named Defendants that are allegedly California residents as well.  Thus, Plaintiffs' action appears to be subject to the Court's jurisdiction, if at all, under the federal question doctrine, 28 U.S.C. § 1331.

   Plaintiffs' request for immediate <u>ex parte</u> relief is DENIED. If Plaintiffs seek a preliminary injunction, they must serve the summons and complaint on any Defendant against whom relief is sought.  They must then file a properly noticed motion under the Civil Local Rules.

   IT IS SO ORDERED.

Dated: 1/19/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BURNS et al,

        Plaintiff,

  v.

FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLP et al,

        Defendant.

Case Number: CV11-00023 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alice Burns
1221 Hookston Road
Concord, CA 94518

Walter Burns
1221 Hookston Road
Concord, CA 94518

Dated: January 19, 2011

                                    Richard W. Wieking, Clerk
                                    By: Nikki Riley, Deputy Clerk