IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BURNS and ALICE BURNS,<br><br>           Plaintiffs,<br><br>    v.<br><br>FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLP; WELLS FARGO BANK, N.A.; CONTRA COSTA COUNTY RECORDER; BANK OF AMERICA, N.A.; LIBERTY TITLE COMPANY; WELLS FARGO HOME MORTGAGE CO.; and AMERICAN SECURITIES COMPANY,<br><br>           Defendants.<br>_____/ | No. C 11-0023 CW<br><br>ORDER GRANTING MOTIONS TO DISMISS OF DEFENDANT CONTRA COSTA COUNTY (Docket No. 24); FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC (Docket No. 27); DEFENDANT WELLS FARGO BANK, N.A. (Docket No. 31) and DEFENDANT BANK OF AMERICA, N.A. (Docket No. 49); AND DENYING PLAINTIFFS' MOTIONS TO HOLD DEFENDANT BANK OF AMERICA IN DEFAULT, TO VOID SALE, FOR AN ORDER TO SHOW CAUSE AGAINST DEFENDANT FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, TO JUDICIALLY NOTICE A LEGAL DEFECT IN THE INTEGRITY OF DEFENDANT CONTRA COSTA COUNTY RECORDER'S OFFICE, AND TO DISQUALIFY JUDGE (Docket Nos. 44, 48, 55, 65) |

Pro se Plaintiffs Walter and Alice Burns bring this action that is related to a residential home loan they obtained in November, 2005. Defendants Contra Costa County, on behalf of its Clerk-Recorder's Office (Recorder's Office);[1] First American

---

[1] Plaintiffs name "Contra Costa County Recorder" in their complaint, apparently referring to the Clerk-Recorder's Office, which is a department of Contra Costa County. See Cal. Gov't Code §§ 23005 and 24000(g).

Trustee Servicing Solutions, LLC;[2] Wells Fargo Bank, N.A., on behalf of itself and its Wells Fargo Home Mortgage Co. division (collectively, Wells Fargo); and Bank of America, N.A., have filed motions to dismiss. Plaintiffs oppose the motions, and move for entry of default against Bank of America, to void a trustee's sale, for an order requiring First American to show cause why it should not be held in contempt, "to judicially notice a legal defect in the integrity of the Defendant Contra Costa County Recorder's Office" and to "disqualify the presiding judge for judicial misconduct." The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Contra Costa County's, First American's, Wells Fargo's and Bank of America's motions to dismiss, and DENIES Plaintiffs' motions.

BACKGROUND

This summary of Plaintiffs' case is based on their Verified First Amended Complaint (1AC) and documents contained in Wells Fargo's request for judicial notice, which Plaintiffs join. Because Plaintiffs' 1AC does not clearly explain the nature of their case, the Court also relies on their Proposed Joint Case Management Statement, to the extent it is consistent with their 1AC.

In November, 2005, Plaintiffs obtained a $557,000.00 adjustable-rate loan secured by property located at 1221 Hookston Road in Concord, California. The deed of trust (DOT) for that loan

---

[2] Plaintiffs sued First American Trustee Servicing Solutions, LLC, as First American Trustee Servicing Solutions, LLP.

2

named Wells Fargo as "Lender" and Fidelity National Title Insurance Company as "Trustee." Wells Fargo's Request for Judicial Notice (RJN), Ex. I, 1-2. The DOT contained numerous provisions, including the following:

> 20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. . . .
>
> 24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. . . .

Id. at 11 and 13. Plaintiffs' signatures appear at the end of the DOT, under a block of text stating, "BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it." Id. at 14. Also, each page of the DOT, including those containing the provisions recited above, bears the initials "AMB" and "WGB," apparently referring to Plaintiffs.

On September 28, 2010, a "Substitution of Trustee" was recorded in the Recorder's Office, stating that Wells Fargo had substituted First American for Fidelity National as trustee. Wells Fargo RJN, Ex. M. On September 29, 2010, a "Notice of Default and Election to Sell under Deed of Trust" was recorded, indicating that, as of September 28, 2010, Plaintiffs were $51,589.47 in arrears on their November, 2005 loan. Wells Fargo RJN, Ex. N. The notice indicated that Plaintiffs had failed to make all payments due on and after August 1, 2009.

On October 27, 2010, an "Assignment of Deed of Trust" was

3

recorded, indicating that on October 19, 2010, Wells Fargo assigned its interest in the DOT to Bank of America.  On January 5, 2011, a "Notice of Trustee's Sale" was recorded, stating that the Hookston Road property would be sold on January 26, 2011 at 1:30 p.m.[3]

Plaintiffs allege that the DOT was made available to them for "acknowledgment only, (not approval)."  1AC at 2.  Plaintiffs complain that the DOT "could be sold, transferred, conveyed, and re-conveyed to others without the knowledge or consent of the debtor for the benefit of the others," and assert that such transfers could occur "perhaps at a series of discounts without the debtor benefiting [sic] and without their knowledge or consent."  Id.  The crux of Plaintiffs' argument appears to be that Wells Fargo sold the note for their loan "at perhaps a beneficial discount without revealing the value of the note transferred, and without altering the interest rate from the outstanding loan value to the alleged discounted loan value."  Id. at 5.

Plaintiffs state that, in February, 2010, they stopped making "regular payments to Defendant Wells Fargo" when they "learned that Defendant BOA had acquired control of the loan contract from Defendant Wells Fargo for values received."  Pls.' Proposed Jt. Case Mgmt. Statement ¶ 2a.

Plaintiffs maintain that they are "being held as peons" in violation of their constitutional and statutory rights because they have been required to pay "an artificial indebtedness obligation to a suspected lender for which no lawful contract exists between

---

[3] The Hookston Road property was apparently sold on February 25, 2011.

4

them." 1AC at 7.  Based on their 1AC and Proposed Joint Case Management Statement, the Court understands Plaintiffs to assert claims for the following:[4] (1) deprivation of their Fourteenth Amendment rights to equal protection and due process, in violation of 42 U.S.C. § 1983; (2) involuntary servitude and peonage, in violation of the Thirteenth Amendment and 42 U.S.C. § 1994; (3) violation of 18 U.S.C. § 1001(a); (4) fraud; and (5) breach of contract.  Plaintiffs seek damages for their claims.

Defendants Liberty Title Company and American Securities Company have not appeared in this action.  Plaintiffs indicate that they attempted to serve Liberty Title Company, but that the entity's corporate status has been suspended by California's Franchise Tax Board and that its agent for service of process has resigned.  Plaintiffs maintain that American Securities Company no longer exists.  Plaintiffs have proffered no evidence that they have made further attempts to serve Liberty Title or American Securities.

Plaintiffs sought a temporary restraining order to prevent the

---

[4] Plaintiffs state in their 1AC that they bring claims for violation of their Fourteenth Amendment rights; involuntary servitude and peonage, in violation of the Thirteenth Amendment and 42 U.S.C. § 1994; and violation of 18 U.S.C. § 1001(a).  Plaintiffs allege that their involuntary servitude and peonage has been "exacerbated under conditions of fraud." 1AC at 7.  They reiterate in their Proposed Joint Case Management Statement that their action rests on alleged violations of the Fourteenth Amendment and the Thirteenth Amendment, and assert that they seek relief pursuant to 42 U.S.C. § 1983.  Contra Costa County, First American, Wells Fargo and Bank of America address these claims, but also offer argument concerning claims for fraud based on Plaintiffs' assertions throughout their papers that they were deceived.  Wells Fargo also addresses whether Plaintiffs state a claim for breach of contract, based on their allegations that the DOT was breached.

5

sale of the Hookston Road property.  That motion was denied.

DISCUSSION

Because Plaintiffs are proceeding pro se, their pleadings and motions are construed liberally.  Bernhardt v. L.A. Cnty, 339 F.3d 920, 925 (9th Cir. 2003).

I. Contra Costa County's Argument Regarding Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Federal subject matter jurisdiction must exist at the time the action is commenced.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).  Plaintiffs have the burden to show that jurisdiction exists.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979)

Plaintiffs maintain that their case is subject to the Court's diversity jurisdiction under 28 U.S.C. § 1332.  That statute provides federal district courts with original jurisdiction over civil cases that involve an amount in controversy that exceeds $75,000 and are between "citizens of different States."  28 U.S.C. § 1332(a)(1).  However, Plaintiffs and Contra Costa County are citizens of California.  Thus, this action cannot fall within the Court's diversity jurisdiction.

Nevertheless, the Court has jurisdiction over this action. Plaintiffs have asserted claims pursuant to federal law, enabling

6

the Court to exercise federal question jurisdiction over this lawsuit. To the extent that Plaintiffs bring related state law claims, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Accordingly, Contra Costa County's argument that the Court lacks subject matter jurisdiction is not well-taken.

II. Motions to Dismiss for Failure to State a Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment

7

would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

    A.    Violation of Fourteenth Amendment Rights to Equal Protection and Due Process

Plaintiffs appear to allege that Defendants have deprived them of their rights to equal protection and due process, in violation of § 1983.[5]

Generally, the protections afforded by the Fourteenth Amendment reach state, not private, action. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Wells Fargo, First American and Bank of America are private actors, and Plaintiffs' allegations do not suggest that these Defendants' actions had such a close nexus with any state action that they "'may be fairly treated as that of the State itself.'" Brentwood, 531 U.S. at 295 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).[6] Because amendment would be futile, Plaintiffs' claims against these Defendants under § 1983 are dismissed with

---

[5] Claims seeking damages for violations of the Fourteenth Amendment must be brought under § 1983. See Magana v. Commonwealth of the N. Mariana Islands, 107 F.3d 1436, 1441-42 (9th Cir. 1997).

[6] Plaintiffs contend that these Defendants used the Recorder's Office to perpetuate a fraud. However, Plaintiffs do not allege facts suggesting that the Recorder's Office engaged in joint action with these Defendants.

8

prejudice.  Swartz v. KPMG LLP, 476 F.3d 756, 761 (9th Cir. 2007); Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988).  Although they have not yet appeared, the Court likewise dismisses with prejudice Plaintiffs' § 1983 claims against Liberty Title and American Securities Company because these Defendants, as private actors, are in a position similar to that of Wells Fargo, First American and Bank of America.  See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

    Plaintiffs have not articulated a cognizable basis for their § 1983 claim against the Recorder's Office.  A municipality may be sued under § 1983 "for constitutional torts committed by its officials according to an official policy, practice, or custom." Cortez v. Cnty. of L.A., 294 F.3d 1186, 1188 (9th Cir. 2002). Plaintiffs appear to bring their § 1983 claim against the Recorder's Office because it recorded documents related to their November, 2005 loan.  However, the allegations contained in Plaintiffs' 1AC do not suggest that the recording of these documents violated Plaintiffs' constitutional rights and that such a violation was the result of an official Contra Costa County

9

policy, practice or custom.[7] Plaintiffs do not allege any form of disparate treatment, as required to state an equal protection claim. See, e.g., Sagana v. Tenorio, 384 F.3d 731, 740 (9th Cir. 2004). Nor do they allege facts to suggest that their substantive or procedural due process rights were violated. See, e.g., Shanks v. Dressel, 540 F.3d 1082, 1087-90 (9th Cir. 2008) (explaining rights to substantive due process and procedural due process).

Plaintiffs' § 1983 claim against the Recorder's Office is dismissed with prejudice. Plaintiff's opposition offers no indication that their claim against the Recorder's Office is not futile.

B.   Involuntary Servitude and Peonage

Plaintiffs assert that Defendants held them to involuntary servitude and peonage, in violation of the Thirteenth Amendment and

---

[7] After filing their 1AC, Plaintiffs filed a motion in which they contended that "Mr. Stephen Weir, posing as the county recorder, did not take an oath of office during the current term of office" and, therefore, all documents related to the foreclosure of the Hookston Road property have no legal effect. Docket No. 55, at 1. They also assert that Weir stamped the foreclosure documents with a "bogus reference number" to prevent the discovery of a so-called "ghost 'trustee.'" Id. at 7. Based on these assertions, Plaintiffs maintain that Weir engaged in fraud, Cal. Civ. Code § 1710, and violated California Government Code § 1770(i) and the California Consumer Legal Remedies Action, Cal. Civ. Code §§ 1750, et seq. Because these allegations were not plead in their complaint, they cannot constitute bases for Plaintiffs' action. Even if they had been plead, these assertions would not state a claim for relief. The gravamen of Plaintiffs' argument is that Weir took an oath of office prior to the inception of his current term and, as a result, the oath was defective. However, Plaintiffs identify no legal basis for their argument. Because judicial notice of these alleged facts is improper, see Fed. R. Evid. 201, Plaintiffs' motion to "judicially notice a defect in the integrity of the Defendant Contra Costa County Recorder's Office" is DENIED. (Docket No. 55.)

10

42 U.S.C. § 1994, which abolished peonage.[8] Involuntary servitude is established when a victim has "no available choice but to work or be subject to legal sanction." United States v. Kozminski, 487 U.S. 931, 943 (1988). Peonage is a subspecies of involuntary servitude that involves coercion "by threat of legal sanction to work off a debt to a master." Id. at 943. Peonage claims require debtors to allege indebtedness and compulsory service to the creditor until the debt is paid. Bailey v. Alabama, 219 U.S. 219, 242 (1911); see also Dolla v. Unicast Co., 930 F. Supp. 202, 204-05 (E.D. Pa. 1996).

Plaintiffs have not plead facts to suggest that any Defendant has held them in a state of involuntary servitude or peonage. Plaintiffs do not allege that they owe a debt to First American or the Recorder's Office or that they have been compelled to work for these Defendants. And although their allegations suggest they may owe a debt to Wells Fargo or Bank of America, Plaintiffs do not allege that either of these Defendants has required Plaintiffs to work for it until any debt is retired.

Accordingly, Plaintiffs' Thirteenth Amendment and § 1994 claims against Contra Costa County, First American, Wells Fargo and Bank of America are dismissed. Although they have not yet appeared, the Court likewise dismisses these claims against Liberty

---

[8] Various district courts have concluded that there is no direct cause of action under § 1 of the Thirteenth Amendment. See, e.g., Jane Doe I v. Reddy, 2003 WL 23893010, at *9-*10 (N.D. Cal.) (listing cases). But see Channer v. Hall, 112 F.3d 214, 217 (5th Cir. 1997) (assuming, without deciding, that § 1 of the Thirteenth Amendment gives rise to a cause of damages). The Court assumes, without deciding, that such a direct cause of action exists.

11

Title and American Securities Company because these Defendants are in a position similar to that of Contra Costa County, First American, Wells Fargo and Bank of America. See Abagninin, 545 F.3d at 742-43; Silverton, 644 F.2d at 1345. Because Plaintiffs' opposition offers no indication that these claims are not futile, this dismissal is with prejudice.

C. Violation of 18 U.S.C. § 1001(a)

Plaintiffs seek damages against Defendants pursuant to 18 U.S.C. § 1001(a), a criminal statute that punishes whoever, "within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willingly . . . falsifies, conceals, or covers up by any trick, scheme, or device a material fact." However, § 1001(a) does not create a private right of action. See Loehr v. Ventura Cnty. Cmty. Coll. Dist., 742 F.2d 1310, 1320 (9th Cir. 1984) (deeming plaintiff's proposal to add a claim under § 1001 "patently frivolous"); see also Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137 (5th Cir. 1987).

Accordingly, Plaintiffs' § 1001(a) claims are dismissed with prejudice.

D. Fraud

Plaintiffs mention fraud throughout their 1AC and their papers. Contra Costa County, First American, Wells Fargo and Bank of America assert that, if Plaintiffs intended to bring fraud claims, they are insufficiently plead.

Claims of fraud require plaintiffs to plead "'(a) misrepresentation; (b) knowledge of falsity (or

12

scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007) (quoting Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003)); see generally Cal. Civ. Code §§ 1709-10.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. Id. at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiffs' allegations suggest that any fraud claim they may

13

have intended to bring is based on a purported failure to disclose Wells Fargo's power to sell the note for their November, 2005 loan "perhaps at a series of discounts without [Plaintiffs] benefiting [sic] and without their knowledge or consent." 1AC at 2. However, aside from Wells Fargo and Liberty Title, it does not appear that any other Defendant had a role in the origination of Plaintiffs' November, 2005 loan. With respect to Wells Fargo and Liberty Title, Plaintiffs' allegations do not satisfy the heightened pleading requirement for fraud required by Rule 9(b). Plaintiffs do not, with particularity, identify any misrepresentation. Notably, Plaintiffs' DOT states that their loan may be sold without notice to them. Plaintiffs do not allege that Wells Fargo or Liberty Title misrepresented this provision or endeavored to prevent Plaintiffs from learning about it.

Accordingly, to the extent that Plaintiffs intended to plead claims for fraud, they fail to state them. Thus, any such claims are dismissed without prejudice to refiling in state court.[9] This dismissal applies to Plaintiffs' claims against Liberty Title and American Securities because these Defendants are in a position similar to that of Contra Costa County, First American, Wells Fargo and Bank of America.

E.   Breach of Contract

Plaintiffs assert in their 1AC and papers that the DOT, to which Wells Fargo was a party, was breached. Wells Fargo asserts

---

[9] Even if they stated fraud claims, the Court would decline to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3).

14

that, to the extent Plaintiffs intended to bring a breach of contract claim, it is insufficiently plead.

To assert a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach. <u>Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1391 n.6 (2004).

As explained above, the crux of Plaintiffs' complaint is that Wells Fargo allegedly sold their loan to Bank of America without their knowledge and any benefit to them. However, Plaintiffs have not identified a contract that prohibited this conduct. Indeed, the DOT appears to contain a provision that permits such a transfer.

Accordingly, to the extent that Plaintiffs intended to plead a claim for breach of contract against Wells Fargo, they fail to state one. Thus, any such claim is dismissed without prejudice to refiling in state court.[10]

II. Plaintiffs' Motions

Plaintiffs' motion for entry of default against Bank of America is not well-taken. Bank of America has appeared in this action. Accordingly, this motion is denied.

Plaintiffs' motion to void the February 25, 2011 trustee's sale of the Hookston Road property is also denied. Plaintiffs'

---

[10] Even if they stated such a claim, the Court would decline to exercise supplemental jurisdiction over it. 28 U.S.C. § 1367(c)(3).

15

arguments that the sale subjected them to involuntary servitude and peonage fail for the reasons stated above. Furthermore, Plaintiffs have not alleged tender of their indebtedness, nor the ability to provide such tender. A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness. Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.). Without pleading tender or the ability to offer tender, a plaintiff cannot state a cause of action to set aside a foreclosure sale. Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971) (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901)); Smith, 2009 WL 1948829, at *3 (citing Karlsen). Related to First American's involvement in the sale of the Hookston Road property, Plaintiffs seek an order requiring First American to show cause why the Court should not hold it in contempt. However, Plaintiffs have not identified any Court order with which First American has failed to comply.

Finally, Plaintiffs ask the undersigned to disqualify herself from these proceedings. However, Plaintiffs have not identified any basis under 28 U.S.C. § 455 to justify their motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Contra Costa County's (Docket No. 24), Wells Fargo's (Docket No. 31), First American's (Docket No. 27) and Bank of America's (Docket No. 49) motions to dismiss; and DENIES Plaintiffs' motions for entry of default against Bank of America (Docket No. 44), to void sale and

16

for an order to show cause against First American (Docket No. 48), "to judicially notice a legal defect in the integrity of the" Recorder's Office (Docket No. 55) and for disqualification (Docket No. 65).

The Court's holdings on Plaintiffs' claims are as follows:

1. Plaintiffs' § 1983 claims for violations of their Fourteenth Amendment rights to due process and equal protection against Wells Fargo, First American, Bank of America, Liberty Title and American Securities Company are dismissed with prejudice. These are private actors to which § 1983 does not apply. Because Plaintiffs' opposition does not suggest that their § 1983 claim against the Recorder's Office is not futile, this claim is dismissed with prejudice.

2. Plaintiffs' claims for involuntary servitude and peonage are dismissed with prejudice. Because Plaintiff's opposition does not suggest that these claims are not futile, they are dismissed with prejudice.

3. Plaintiffs' claims under 18 U.S.C. § 1001(a) are dismissed with prejudice because this statute does not afford a private right of action.

4. Plaintiffs' claims for fraud, to the extent they intended to bring such claims, are dismissed without prejudice to refiling in state court.

5. Plaintiffs' claim for breach of contract against Wells Fargo, to the extent they intended to bring such a claim, is dismissed without prejudice to refiling in state

17

court.

The Clerk shall enter judgment accordingly and close the file.

IT IS SO ORDERED.


Dated: 4/8/2011                              *Claudia Wilken*
                                            CLAUDIA WILKEN
                                            United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BURNS et al,

   Plaintiff,

v.

FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS LLP et al,

   Defendant.

Case Number: CV11-00023 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alice Burns
1221 Hookston Road
Concord, CA 94518

Walter Burns
1221 Hookston Road
Concord, CA 94518

Dated: April 8, 2011

          Richard W. Wieking, Clerk
          By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California